UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| STACEY SIMINS,<br><br>　　　　Plaintiff,<br><br>v.<br><br>CONTINENTAL SERVICE GROUP, INC. d/b/a CONSERVE,<br><br>　　　　Defendant. | Case No. 1:20-cv-01048 |

## COMPLAINT

**NOW COMES** Plaintiff, STACEY SIMINS, by and through her undersigned counsel, complaining of Defendant, CONTINENTAL SERVICE GROUP, INC. d/b/a CONSERVE, as follows:

## NATURE OF THE ACTION

1. This action seeks redress for Defendant's violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*.

## JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331.

3. Venue in this district is proper under 28 U.S.C. § 1391(b)(2).

## PARTIES

4. STACEY SIMINS ("Plaintiff") is a natural person, over 18-years-of-age, who at all times relevant resided in Austin, Texas.

5. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

6. CONTINENTAL SERVICE GROUP, INC. d/b/a CONSERVE ("Defendant") maintains a principal place of business at 200 Cross Keys Office Park, Fairport, New York 14450.

1

7. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6) because the principal purpose of Defendant's business is the collection of debt owed to others.

## FACTUAL ALLEGATIONS

8. At some point in time, Plaintiff obtained a vehicle loan from A+ Federal Credit Union.

9. Due to financial difficultly, Plaintiff fell behind on her payments to A+ Federal Credit Union ("subject debt").

10. The subject debt is a "debt" as defined by 15 U.S.C. § 1692a(5).

11. The subject debt was eventually sold to or placed with Defendant for collection.

12. On October 5, 2020, Defendant mailed Plaintiff a letter in an attempt to collect the subject debt ("Defendant's Letter").

13. Defendant's Letter depicted, in pertinent part, as follows:



14. Defendant's Letter is a "communication" as defined by 15 U.S.C. § 1692a(2).

15. Defendant's Letter did not conspicuously identify the **current creditor** as required by §1692g(a)(2) of the FDCPA.

16. Specifically, Defendant's Letter identified "A+ Federal Credit Union" as a "Creditor" but did not identify the **current creditor.**

17. Additionally, the letter had a payment coupon attached. The payment coupon depicted, in part, as follows:



18. The payment coupon sought Plaintiff's consent for Defendant "to directly debit [Plaintiff's] checking account."

19. Defendant's Letter confused Plaintiff as she was unable to determine if the original creditor, A+ Federal Credit Union, was also the current creditor. In other words, just because A+ Federal Credit Union may have been the original creditor does not necessarily mean that it is also the **current creditor.**

20. Further obfuscating the identity of the **current creditor**, Defendant's Letter requested that payment be made directly to Defendant and not A+ Federal Credit Union and stated that A+ Federal Credit Union "assigned" the subject debt to Defendant, thus leading Plaintiff to believe that Defendant may be the current creditor collecting its own debt.

21.     Defendant's Letter also stated that Plaintiff could write to Defendant to find out if the original creditor was different from the current creditor. This language raised the possibility that the subject debt could have been sold, but did not clarify who actually owned the subject debt.

22.     Accordingly, Defendant's Letter confused Plaintiff as she was unable to determine whether A+ Federal Credit Union, Defendant, or an unknown third party was the current creditor to whom the subject debt is owed to.

23.     Moreover, Defendant's Letter listed the "Principal" balance of the subject debt as $12,774.89 but was silent as to whether interest was accruing on the subject debt.

24.     Accordingly, Plaintiff was uncertain as to actual amount of the subject debt. Specifically, Plaintiff did not know whether interest was accruing on the subject debt. In other words, Plaintiff was uncertain as to whether payment of the principal balance of $12,774.89 would satisfy the debt or whether the balance increased from the date Defendant's Letter was sent to the date Plaintiff received Defendant's letter due to the accrual of interest.

25.     The confusing and misleading language in Defendant's Letter impacted Plaintiff's decision to pay the subject debt as Plaintiff was deprived of her right to receive critical information required by the FDCPA, including the name of the current creditor and the amount of the subject debt.

## CLAIMS FOR RELIEF

### COUNT I:
**Fair Debt Collection Practices Act (15 U.S.C. § 1692 *et seq.*)**

26.     All Paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

### a. Violations of 15 U.S.C. §1692e

27. Section 1692e(2) of the FDCPA prohibits a debt collector from falsely representing the character, amount, or legal status of a debt. 15 U.S.C. §1692e(2)

28. Section 1692e(10) of the FDCPA prohibits a debt collector from the use of any false representation or deceptive means to collect or attempt to collect any debt. 15 U.S.C. §1692e(10)

29. Defendant violated §§1692e(2) and (10) by falsely representing the character and amount of the debt.

30. Specifically, "the unpaid principal balance is not the debt; it is only a *part* of the debt; the [FDCPA] requires the statement of the [entire] debt." *Miller v. McCalla, Raymer, Padrick, Cobb, Nichols, & Clark, LLC,* 214 F.3d 872, 875 (7th Cir. 2000).

31. Plaintiff was highly confused by the presentation in Defendant's Letter and was unable to determine the amount of the subject debt.

32. Plaintiff was concerned that if she paid the amount stated in Defendant's Letter, Defendant could still seek the interest that accrued after Defendant's Letter was sent but before the balance was paid.

### b. Violation(s) of 15 U.S.C. § 1692g

33. Section 1692g(a) provides:

(a) Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing –

 (1) the amount of the debt;

 (2) **the name of the creditor to whom the debt is owed**;

      (3)      a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;

      (4)      a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and

      (5)      a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

(emphasis added).

34. Section 1692g of the FDCPA requires debt collectors to make certain disclosures, including the identity of the current creditor.

35. Defendant violated 15 U.S.C. §1692g by failing to adequately provide Plaintiff with the disclosures required by the FDCPA

36. Specifically, Defendant violated §1692g(a)(2) by failing to identify the **current creditor** to whom the debt is owed.

37. As set forth above, Defendant's Letter confused Plaintiff as she was unable to determine whether A+ Federal Credit Union, Defendant, or an unknown third party was the current creditor to whom the subject debt is owed to.

38. The confusing and misleading nature of Defendant's Letter impacted Plaintiff's decision to pay the subject debt and thus Defendant's omissions and misrepresentations were material.

39. Assuming that A+ Federal Credit Union is in fact the creditor to whom the debt is owed, Defendant's Letter is still deficient because "[t]he mere presence of the correct name in the notice somewhere does not suffice." *Steffek v. Client Services, Inc.,* 948 F.3d 761, 765 (7th Cir. 2020).

**WHEREFORE**, Plaintiff requests the following relief:

A. a finding that Defendant violated 15 U.S.C. §§ 1692e(2), e(10), and g(a)(2);

B. an award of any actual damages sustained by Plaintiff as a result of Defendant's violation(s);

C. an award of such additional damages, as the Court may allow, but not exceeding $1,000.00;

D. an award of attorney's fees and costs; and

E. an award of such other relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff demands a trial by jury.

Dated: October 15, 2020                                    Respectfully submitted,

**STACEY SIMINS**

By: */s/ Mohammed O. Badwan*

Mohammed O. Badwan, Esq.
Sulaiman Law Group, Ltd.
2500 South Highland Avenue
Suite 200
Lombard, Illinois 60148
(630) 575-8180
mbadwan@sulaimanlaw.com